IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

```
KIM RALSTON,                    )
                                )
     Plaintiff,                 )
                                )      CIVIL ACTION NO.
     v.                         )        1:09cv379-MHT
                                )            (WO)
U.S. HELICOPTER a/k/a           )
Helicopter Support Company,     )
and BELL AEROSPACE              )
SERVICES, INC.,                 )
                                )
     Defendants.                )
```

OPINION AND ORDER

This matter is before the court on the plaintiff Kim Ralston's motion for extension of time to respond to defendant Bell Aerospace's motion for summary judgment pursuant to Fed. R. Civ. P. 56(f). The motion will be denied.

I.

This case revolves around Ralston's allegation that she was discriminated against because of her gender while employed at Bell Aerospace's Ozark, Alabama facility.

Ralston claims that Bell Aerospace violated Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. §§ 1981a, 2000e to 2000e-17, the Lilly Ledbetter Fair Pay Act of 2009, 42 U.S.C. § 2000e-5(e), and the Equal Pay Act of 1963, as amended, 29 U.S.C. § 206(d).

Bell Aerospace filed its motion for summary judgment on February 17, 2010, and Ralston has until March 19 to respond. Ralston filed this extension motion on March 8. The discovery deadline in this case is set for April 10, and the final pre-trial conference is scheduled for May 21. (The Uniform Scheduling Order stated a discovery deadline of April 10, <u>2009</u>. The year was clearly a typographical error as the lawsuit was filed on April 27, <u>2009</u>.)

Ralston asks the court to provide her an extension until April 9 to respond to Bell Aerospace's summary-judgment motion because she requires time to conduct depositions. Ralston contends that, in order to respond properly to the Bell Aerospace's motion, she must

depose LouAnn Falkenstein, the company's Human Resources Director, and Keith West, its Vice President of Operations. Bell Aerospace cannot produce these individuals for depositions until March 30.

II.

Rule 56(f) of the Fed. R. Civ. P. provides,

> "If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) deny the motion; (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue any other just order."

Therefore, Ralston must "state by affidavit the reasons why [s]he is unable to present the necessary opposing material." 10B Wright, Miller & Kane, Federal Practice and Procedure § 2740 (3d ed. 1998). See also Barfield v. Brierton, 883 F.2d 923, 931 (11th Cir. 1989) ("A party requesting a continuance under this rule must present an affidavit containing specific facts.").

Furthermore, she "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts, but must show the court how the stay will operate to permit [her] to rebut, through discovery, the movant's contentions". Id.

No such affidavit or detailed explanation has been presented in this case. Instead, Ralston merely asserts that she wishes to depose Falkenstein and West, but that Bell Aerospace has not made them available before her response is due to the court. She does not explain why these depositions are essential to her response to the summary-judgment motion or what facts she hopes to discover through the depositions. Ralston therefore fails in both of Fed. R. Civ. P. 56(f)'s main requirements: she neither provides the court with an affidavit nor she does explain why she cannot present facts essential to justify her opposition to Bell Aerospace's motion for summary judgment without the two depositions.

While "rule 56(f) is infused with a spirit of liberality," Wallace v. Brownell Pontiac-GMC Company Inc., 703 F.2d 525, 527 (11th Cir. 1983), and the court has within its discretion the ability to overlook certain technical deficiencies if Ralston presented compelling reasons for deposing Falkenstein and West, she provides no reasons at all. Therefore, the requirements for granting a continuance under Fed. Civ. P. R. 56(f) have not been satisfied.

* * *

Accordingly, it is ORDERED that plaintiff Kim Ralston's motion for motion for extension of deadline (Doc. No. 28) is denied.

DONE, this the 9th day of March, 2010.

                                        /s/ Myron H. Thompson
                                    UNITED STATES DISTRICT JUDGE